IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

VAIL SERVICES GROUP, LLC,

      Plaintiff,

v.

GEORGE ALLEN DINES,

      Defendant.

---

## COMPLAINT

---

Jeffrey S. Vail
VAIL LAW LLC
5299 DTC Blvd., Suite 1101
Greenwood Village, CO 80111
Tel. (303) 800-8237
Fax. (303) 800-8237
ATTORNEY FOR PLAINTIFF

Dated:  October 7, 2017.

Plaintiff Vail Services Group, LLC ("VSG"), for its Complaint against Defendant George Allen Dines ("Allen Dines"), states as follows:

## I.  NATURE OF ACTION

1.  This case involves the failure by Mr. Dines to perform on a personal guarantee.

2.  Plaintiff seeks damages in the amount of at least $1,555,621, in an amount to be proven at trial, as the amount owed to VSG by the Dines Agency LLC but not paid, and personally guaranteed by Mr. Dines.

## II.  PARTIES

3.  Plaintiff Vail Services Group, LLC is a Colorado limited liability company with its principal place of business at 5299 DTC Blvd., Suite 1101, Greenwood Village, Colorado 80111.  VSG's sole member is an individual, Julie E. Vail, who is a resident and citizen of Colorado.  Accordingly, for diversity purposes, VSG is a citizen of Colorado.

4.  Defendant George Allen Dines is an individual who resides at 15 Isle Ridge East, Jupiter Island, Florida 33455.  For diversity purposes, Allen Dines is a citizen of Florida.

## III.  JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332, as Plaintiff (a citizen of Colorado) is diverse from Defendant (a citizen of Florida), and the amount in controversy is in excess of $75,000.

6.  This Court has specific personal jurisdiction over Defendant Allen Dines pursuant to Colorado's Long Arm Statute, C.R.S. § 13-1-124, because the personal guarantee from which this claim arises was entered into in Colorado, the place of performance is Colorado, it

constitutes the transaction of business within Colorado by Defendant, and the purpose of the guarantee was to insure a business located within Colorado.

7.      Additionally, this Court has general personal jurisdiction over Mr. Dines. Mr. Dines lived in Colorado for decades, with Colorado his primary residence at least until 2008, and his seasonal residence at least until after the personal guarantee in question was signed in 2013. Mr. Dines served in the Colorado House of Representatives from 1956-1968, and was Speaker of the House from 1965-66.  Mr. Dines was then a Colorado State Senator from 1968-1976.  Mr. Dines founded and operated numerous businesses in Colorado (including the law firm currently known as Brian Cave LLP, f/k/a Holme Roberts & Owen, f/k/a Dines Holme & Dines, LLP).  He is the beneficiary of trusts registered in Colorado, and has personally filed suit in Colorado courts as recently as 2015.

8.      Venue is proper in this judicial district under 28 U.S.C. § 1391.  As outlined in this Complaint, the location of performance of the personal guarantee, the location of the entity guaranteed, and the location of the company insured are all within the District of Colorado.

## IV.    GENERAL ALLEGATIONS

9.      Allen Dines is the patriarch of a wealthy family group based in Colorado.  For over 30 years, through 2012, Allen Dines and his son, Sidney A. Dines, ran a family office that oversaw the administration of the roughly three-dozen family trusts and entities.

10.     On December 1, 2012, the Dines family, through their newly-formed entity, the Dines Agency LLC (the "Dines Agency"), entered into a 5-year contract with VSG to run all aspects of their family office operations (the "Contract").  This new Contract was advocated for and negotiated by Allen Dines and Sidney Dines.  It was always Allen Dines' intent, as he had

done for prior decades, to bear the majority of the expense of the family office through this Contract, either personally or through trusts for which he was a beneficiary, in order to maintain family cohesiveness through the office and to permit the family to pay office expenses with pre-tax dollars from assets that would later pass through his estate.   Under the Contract, the Dines Agency was required to be fully capitalized for the amount due under the full 5-year term of the Contract.   The Dines Agency, however, was never capitalized, and in fact didn't even have a bank account or any other assets.

11.    VSG, concerned about the ability of the Dines Agency to pay under the Contract, discussed the issue with both Defendant Allen Dines and Sidney Dines.   In exchange for VSG continuing to provide family office services as contemplated by the Contract, and in exchange for VSG agreeing to offer its services exclusively to the Dines family, Allen Dines signed a personal guarantee of all monies owed by the Dines Agency to VSG under the Contract.   *See* **Exhibit 1**, *attached hereto*.

12.    This personal guarantee was signed by Sidney Dines under a general power of attorney for Allen Dines, and was also personally signed as "seen and agreed" by Allen Dines. *Id*.   In specific reliance on this personal guarantee, VSG continued to provide services to the Dines family under the Contract, despite the fact that the Dines Agency was not adequately capitalized as required.

13.    At this time, Allen Dines had retired to Florida for most of the year, and Sidney Dines was the day-to-day representative and de facto leader of the Dines family, as well as the trustee of the most significant family trusts.   VSG performed fully under the Contract, and the

Dines family and Sidney Dines were extremely pleased with this performance.  Indeed, Sidney Dines indicated his intent to extend the contract with VSG.

14.     However, on November 13, 2016, Sidney Dines suddenly and unexpectedly passed away.  Following his passing, factions within the Dines family began to struggle for power and control over the several dozen family trusts and entities, all of which had previously been centralized with Sidney Dines.  In light of this conflict, none of the members or new trustees of the family trusts were willing to pay Dines Agency debt from what they saw as "their" respective portion of the family's wealth, and accordingly the Dines Agency stopped payments to VSG.  VSG made a demand on the Dines Agency for payment under the Contract, which demand was refused, with the younger members of the Dines family instead choosing to place the burden of payment on Allen Dines.

15.     Subsequently, VSG made a demand on Allen Dines on August 29, 2017 for payment under the personal guarantee, which he has denied.  Accordingly, VSG now brings this action.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract – Personal Guarantee – By VSG Against Allen Dines)**

16.     Plaintiff incorporates all of the allegations of this Complaint as if fully rewritten herein.

17.     The parties entered into a contract, the personal guarantee, on September 10, 2013, as *attached hereto* at **Exhibit 1**, to guarantee the December 1, 2012 Contract between VSG and the Dines Agency.  (**Exhibit 1** is marked as "Exhibit 11" as it is the copy previously filed

with the Probate Court for the City & County of Denver by Allen Dines' attorney in a prior trust litigation not involving the Plaintiff in this case).

18.     Plaintiff also validly entered into and has fully performed under the Contract between VSG and the Dines Agency, but the Dines Agency has breached the Contract and currently owes VSG in excess of $1,555,621.  The Dines Agency has refused to pay this amount owed.

19.     Plaintiff has also fully performed under the personal guarantee, but Allen Dines has denied VSG's demand for payment owed by the Dines Agency, in breach of his personal guarantee.  Accordingly, Plaintiff now seeks to enforce the personal guarantee against Allen Dines.

20.     As a direct and proximate result of Defendant's breach of the personal guarantee, VSG has suffered damages in an amount to be determined at trial, but not less than $1,555,621.

WHEREFORE, Plaintiff seeks relief as set forth at the end of this Complaint.

### RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment in its favor, and against Defendant, as follows:

A.     Economic damages to Plaintiff in an amount to be proven at trial;

B.     Pre- and post-judgment interest at the highest allowable legal rate;

C.     Such other and further relief as the Court deems just and proper.

Dated:  October 7, 2017.

/s/ Jeffrey S. Vail

Jeffrey S. Vail
VAIL LAW LLC
5299 DTC Blvd., Suite 1101
Greenwood Village, CO 80111
Tel/Fax: (303) 800-8237
E-mail:  jvail@vail-law.com
ATTORNEY FOR PLAINTIFF

Plaintiff's Addresses:
5299 DTC Blvd., Suite 1101
Greenwood Village, CO 80111