IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-02428-CMA-KLM

VAIL SERVICES GROUP, LLC,

    Plaintiff,

v.

GEORGE ALLEN DINES,

    Defendant.

---

**ORDER GRANTING MOTION TO STAY CASE**

---

This matter is before the Court on Defendant George Allen Dines's Motion to Dismiss or Stay this case pending the resolution of related state court proceedings. (Doc. # 36.) Plaintiff Vail Services Group, LLC objects to the motion. (Doc. # 40.) For the following reasons, the Court overrules that objection, grants Defendant's motion, and stays this case.

### I.    BACKGROUND

Plaintiff asserts only one claim against Defendant—breach of a personal guarantee. (Doc. # 1.) Plaintiff specifically alleges that Defendant is liable as the personal guarantor of a contract between Plaintiff and the Dines Agency, LLC. (*Id.* at ¶¶ 1, 16–20.) As guarantor, Defendant promised "to pay and fulfill all obligations of the Dines Agency, LLC specifically including but not limited to payment of all obligations under the . . . contract between the Dines Agency and [Plaintiff]." (Doc. # 1-1.)

Plaintiff contends that Dines Agency failed to pay its debts under the contract; Plaintiff therefore sought payment from Defendant as guarantor, and Defendant refused to pay, thereby breaching the agreement. (Doc. # 1 at ¶ 15.)

To prevail on its sole claim of breach against Defendant, Plaintiff must first establish, among other things, that it had a valid contract with the Dines Agency—a point which Defendant vehemently contests. (Doc. # 5 at 5, 12.) Plaintiff must also establish, as it acknowledges in its Complaint, that it "performed under the contract between [it] and the Dines Agency, but the Dines Agency . . . breached the contract"— other points that Defendant denies. (Doc. ## 1 at ¶ 18; 5 at 9, 12.)

These very issues—the existence of a valid underlying contract and breach—are the subject of litigation in *Vail Services Group, LLC v. Dines Agency LLC*, No. 2017-CV-34597, (Dist. Ct. Denver Cty, Dec. 11, 2017), currently scheduled for arbitration before Judge Boyd Boland, which is predicted to occur "by October 1, 2018." (Doc. # 36-3 at ¶¶ 1, 3.) Because the issues in this case are dependent on issues being arbitrated, Defendant requests that this case either be dismissed or stayed pursuant to the *Colorado River* doctrine. *See Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976). Plaintiff objects to a dismissal or stay of this case, primarily arguing that the arbitration is non-binding on the parties and issues in this case; thus, this action should proceed alongside the arbitration.

## II. DISCUSSION

Under the *Colorado River* doctrine, a federal court may dismiss or stay federal proceedings when a parallel proceeding is pending in another forum. *See Rienhardt v.*

*Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  The doctrine likewise applies to parallel proceedings subject to arbitration.  *THI of New Mexico at Las Cruces, LLC v. Fox*, 727 F. Supp. 2d 1195, 1208 (D.N.M. 2010)

### A.  PARALLEL ACTIONS

Before applying the *Colorado River* factors, the Court must first determine "whether the state and federal proceedings are parallel."  *Allen v. Bd. of Educ., Unified Sch. Dist.* 436, 68 F.3d 401, 402 (10th Cir.1995); *Fox v. Maulding,* 16 F.3d 1079, 1081 (10th Cir.1994).  The "exact identity of parties and issues is not required. Rather, state and federal proceedings are sufficiently parallel if 'substantially the same parties litigate substantially the same issues.'"  *Hamilton v. Emerald Isle Lending Co.*, No. 10-CV-02713-REB-KMT, 2011 WL 1990568, at *11 (D. Colo. Apr. 6, 2011); *Allen*, 68 F.3d at 402.

The Plaintiff in this lawsuit and the arbitration are identical (Vail Services Group). Although the defendants are not identical, for the purposes of applying the Colorado River doctrine, the Court finds that they are "substantially the same."  *See, e.g., U.S. v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002) ("[I]n the Colorado River context ... exact identity of parties and issues is not required. Rather, state and federal proceedings are sufficiently parallel if substantially the same parties litigate substantially the same issues.") (internal citations omitted).  The Defendant in this case is alleged to be the guarantor of a contract entered into by one of the defendants in the arbitration— the Dines Agency. Indeed, the validity and enforceability of that contract is the primary subject of the arbitration, and both the Defendant in this case and the defendants to the

arbitration argue against the validity and enforceability of that contract. Thus, the Defendant in this case and the arbitration defendants' interests are entirely congruent. *See, e.g., Lumen Constr., Inc. v. Brant Constr. Co., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985) (where interests of parties in both suits are congruent, abstention may be appropriate notwithstanding fact that parties are not identical.).

The Court also finds that the issues in the proceedings are substantially similar. Indeed, the sole claim in the instant case is inseparable from the substantially related issue being arbitrated—whether the underlying contract between Plaintiff and the Dines Agency was valid, enforceable, and/ breached. If not, the guarantee holds no weight. If contract is deemed valid, the guarantee may attach to it. The Court rejects, as unsupported by any legal authority, Plaintiff's arguments that the cases are not parallel because (1) the Defendant in this case did not agree to arbitration and is not bound by it; and (2) the personal guarantee is "absent from arbitration." Plaintiff is essentially arguing that the existence of different defendants and claims render the actions not parallel. That is simply incorrect, and numerous courts have held otherwise. *See, e.g.*, *Int'l Asset Mgmt., Inc. v. Holt*, 487 F.Supp.2d 1274, 1284 (N.D. Okla. 2007) (finding the state and federal cases parallel because the sole issue presented in the federal case was also at issue in the state case regardless of the fact that the state case involved additional, unrelated claims).

Moreover, Plaintiff's suggestion that this case is not parallel to the arbitration because "Plaintiff need not show a judgment on the breach of . . . contract to establish an 'obligation' on [Defendant's] part to pay" is without merit. Plaintiff highlights a

distinction without a difference. True, Plaintiff need not show a separate "judgment" on the breach, but Plaintiff nonetheless must show the existence of a valid contract and a breach of that contract to proceed with its claims against Defendant in this case. Because the arbitration is set to adjudicate those very issues, it is "parallel" to this litigation.

### B. *COLORADO RIVER* FACTORS

*Colorado River* next requires the Court to consider whether the circumstances of this case favor deference to the state proceeding. *See Fox*, 16 F.3d at 1082. The Supreme Court set forth a nonexclusive list of factors for courts to consider in deciding whether "exceptional circumstances" exist to warrant deference to parallel state proceedings:

> (1) whether either court has assumed jurisdiction over property in dispute; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation ... (4) the order in which the courts obtained jurisdiction [;].... [ (5) ] the vexatious or reactive nature of either the federal or the state action; [ (6) ] whether federal law provides the rule of decision[;] and [ (7) ] the adequacy of the state court action to protect the federal plaintiff's rights.

*MacIntyre v. JP Morgan Chase Bank*, 644 Fed. Appx. 806, 807 (10th Cir. 2016) (citing *Fox*, 16 F.3d at 1082). The test is to be applied in a pragmatic, flexible manner. *See Shadwick*, 950 F.Supp. at 304. No one factor is determinative and the weight to be given any one factor may vary from case to case. *See Colorado River*, 424 U.S. at 818–19. Any doubt in the application of the factors "should be resolved in favor of exercising federal jurisdiction." *Fox*, 16 F.3d at 1082.

The first two factors and factor six are neutral. There is no real property at issue before this Court or in the arbitration, both forums are equally convenient for resolution of the parallel contractual issues, and no federal laws are implicated.

Factor three—avoiding piecemeal litigation—strongly favors abstention, and this factor "is arguably the central factor guiding application of the Colorado River doctrine, as it is directly connected to the goal of preserving judicial economy." *MacIntyre,* 2015 WL 1311241, at *4. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters, Inc. v. Continental Ins. Co.*, 843 F.2d at 1258. As mentioned, and contrary to Plaintiff's objection, the instant action involves the same overarching issue as the parallel state proceeding. Resolution of that issue following arbitration could preclude Plaintiff's ability to bring this lawsuit. It could also, at the very least, narrow the issues before the Court. If this Court were to instead decline the stay and proceed with this case, it would create duplicative litigation and might result in inconsistent judgments.

Factor four—the order of jurisdiction—also favors abstention. If a state court obtains jurisdiction of a case before a federal court obtains jurisdiction of a parallel case, this factor weighs in favor of staying the federal case. *See Colorado River*, 424 U.S. at 818. The Supreme Court has emphasized, however, that priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*, 460 U.S. 1, 21 (1983). This federal litigation was initiated two months

before the state action, but the parties to the state action have represented that they "tentatively expect that arbitration will be completed by October 1, 2018." (Doc. # 36-3 at 3.)  In contrast, this case is not anywhere near a trial on the merits.  The Scheduling Order reflects a discovery cut-off of August 15, 2018, a dispositive motion deadline of September 21, 2018, and a final pretrial conference date of January 4, 2019.  (Doc. # 29 at 6–8.)  Trial will not, therefore, occur until well into 2019.  Clearly, the state proceeding faces a much sooner resolution via arbitration that does this litigation.

Factor five—the vexatious or reactive nature of litigation—slightly favors staying or dismissing this case.  It does not appear to this Court that Plaintiff is forum shopping, nor does Defendant so allege.  However, Defendant argues, and this Court agrees, that Plaintiff appears to be using this suit in part to obtain additional discovery for its case against the Dines Agency and other Dines family members in pending arbitration.  Defendant supports this assertion by presenting this Court with the numerous subpoenas *duces tecum* served by Plaintiff upon numerous Dines family members—all of which broadly request documents that appear to extend beyond the narrow issue of Defendant's personal guarantee.  Although Plaintiff asserts that this litigation is not reactive or vexatious, these subpoenas strongly suggest otherwise.

And finally, factor seven weighs in favor of abstention.  Based on the foregoing analysis and discussion, the Court finds that the state-court litigation presents an adequate vehicle for the complete and prompt resolution of a key, foundational issue in this case—validity and breach of the underlying contract between Plaintiff and the Dines

Agency. The Court has full confidence that the parallel arbitration will end the parties' dispute over that issue and protect Plaintiff's rights with respect to that contract.

Because four out of seven favors favor deference to the state court proceedings, with the other three factors being neutral, a stay or dismissal of this case is warranted. Having thoroughly considered the issue, the Court finds that a stay, rather than dismissal of this action, is appropriate. The Court agrees with Plaintiff that resolution of the underlying contractual issues at arbitration may not resolve *all* the issues in this case. Specifically, if the contract is deemed valid and breached by the Dines Agency, the arbitration will not protect Plaintiff's rights with respect to Defendant. Indeed, Defendant is not a party to that action and the validity of his guarantor agreement is not at issue in that case. The Court accordingly finds that staying the case pending resolution of the state arbitration and consequent judgment on the validity of the contract is more appropriate than outright dismissal of Plaintiff's claims. *See Fox*, 16 F.3d at 1083 (assuming that deferral to the state court proceeding is appropriate, the court ordinarily should not dismiss a case, but rather should enter a stay pending the outcome of the state case). Indeed, a stay preserves an available federal forum in which to litigate the remaining claims, without Plaintiff having to file a new action.

### III.     CONCLUSION

Accordingly, the Court GRANTS Defendant's Motion and STAYS this case pending arbitration of the underlying contractual issues. (Doc. # 36.)

The Court FURTHER ORDERS that this case be ADMINISTRATIVELY CLOSED pursuant to D.C.COLO.LCivR 41.2, subject to re-opening after resolution of the state

8

court proceedings.  *See Workalemahu v. Heritage Club*, No. 14-cv-02396-RM-MEH, 2015 WL 293261, at *1 (D. Colo. Jan. 21, 2015) (administratively closing case pending arbitration).

The Court FURTHER ORDERS that the Parties SHALL FILE a status report with this Court on or before 10/1/2018, and every ninety days thereafter, advising this Court as to the status of the arbitration proceedings, until those proceedings have been resolved.

Finally, in light of this conclusion, the Court DENIES AS MOOT the recently-filed Motions to Quash or Stay Subpoenas (Doc. ## 39, 41) and ORDERS that Plaintiff's Motion for Summary Judgment (Doc. # 6) is DENIED WITHOUT PREJUDICE, with leave to re-file when the case re-opens.

DATED:  June 21, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge